Adlow, J.
Two actions of contract brought by the trustee in bankruptcy of C. E. Livermore and Sons, Inc., against the Aetna Insurance Company and The Insurance Company of North America to recover unearned premiums on policies of fire insurance issued by the defendants and cancelled at the request of the plaintiff. Both cases were submitted on Agreed Statements of Fact. Since the *379 issues raised in both cases are identical they wiE be considered together:
On or about October 15, 1940 C. E. Livermore and Sons, Inc., through its broker, J. Paul Terdiff, applied for coverage on its property against fire loss for a period of three years from Field and Cowles, general agents for the defendant companies. Field and Cowles issued six poEcies of the Aetna Insurance Company and two policies of The Insurance Company of North America to provide this coverage. The premiums amounted to $339. and were not paid at the time the poEcies were issued. In January 1941 Field and Cowles, the general agents for the defendants paid them the premiums due on these policies after deducting their commissions. On February 17, 1941 C. E. Livermore and Sons, Inc., paid to their broker, Tardiff, $100. on account of the amount due for premiums. Tardiff paid the $100. to Field and Cowles. No other money was ever paid by the insured on account of these premiums. On November 15, 1941 the plaintiff in these actions as trustee in bankruptcy of C. E. Livermore and Sons, Inc., returned the poEcies to the insurers and requested that they be cancelled. The trustee requested a return of the premiums on the short rate basis. Both insurers cancelled all the policies as of October 15, 1941. It was agreed that the $100. paid by the assured covered the earned premium. Both insurers refused to pay the return premium as demanded. It was agreed that the unearned premiums of the poEcies of the Aetna Insurance Company amounted to $191.62, of those of The Insurance Company of North America to $54.54, and the court found for the plaintiff in both cases in these amounts.
It is unnecessary to consider the requests for rulings as filed. Arising on an agreed statement of facts our problem is simply to determine whether the plaintiff can recover *380 on the agreed facts and the inferences therefrom. Standard Brands, Inc. v. Viola, 43 App. Div. B. M. C. 396.
The contract between these parties is governed by the provisions of G. L. Chapter 175. Section 99' (9) prescribes the Massachusetts standard form fire policy and it was in this form that the defendants issued their policies to the insured. With respect to cancellation this policy permits either the insured or insurer to cancel. Where the insured cancels he is entitled to a return of premiums after deducting the earned premiums computed on the short term rate. Where the insurer cancels the insured becomes entitled to a return of premiums after deducting the earned premiums computed on a pro rata rate. This right of the insured to a return of premiums is subject to the following limitations, which by the provisions of Section 99 (8) must appear in the policy near the provision concerning cancellations:
“If the premium on this policy has not been paid to the company or its agent or to the duly licensed insurance broker thru whom the contract of insurance was negotiated, this policy may be cancelled in the manner herein provided without tendering to the assured any part of the premium.” This provision appeared in the margin of the policy adjoining the paragraph concerning cancellations. It is significant that this provision is not limited in effect to cancellations effected by insurers but applies generally to all cancellations.
It has (been urged that this provision is inapplicable to the present situation because the premium was paid by the general agent to the insurers. But we cannot agree. Other provisions of G. L. Chapter 175 limit the insured’s right to such premiums as he has paid himself. Section 187 D excuses the return of premiums “if the insured has not prior to the date of such notice actually paid the premium *381 thereon either to the company, or to its agent who issued the policy, or to the duly licensed insurance broker who negotiated it . . It has been held that where a policy required the return of premiums “actually paid” the insurer is under no obligation to return to the insured premiums advanced for his account by the agent of the insurer. Hanover Fire Insurance Co. v. Wood, 209 Alabama 380.
Section 187B provides criminal consequences for failure to comply with the provisions of the act concerning return premiums. It is pertinent to our inquiry to notice that this section applies to “A company, or any officer, agent or employee thereof, having actual knowledge that the insured under any policy of insurance has paid the premiums thereon to the company, or to its agent who issued the policy, or to tile duly licensed broker who negotiated it . . .” This section applies, to the withholding of premiums in the event of either cancellation by the insured or the insurer. In our opinion the contract and the statutory provisions governing it limit the insured to a return of such premiums only as he has paid.
On the agreed facts the insured only paid $100. on account of his premiums. It was agreed that the earned premiums on these policies equalled this amount. He now seeks to have returned to him the unearned premiums, no part of which have ever been paid by him. In our opinion the law clearly denies him this right.
Findings for plaintiff vacated. Judgment to be entered in each case for the defendant.